UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-418-GWU


DARRELL PEACE,                                                              PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


### INTRODUCTION

Darrell Peace brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits.  The

case is before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-418  Peace

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately

portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Peace, a 41 year-old former repairman with a high school education, suffered from impairments related to being status post anterior cervical discectomy at C5-C6 with spinal cord decompression, foraminotomies, interbody fusion with cages and bone graft instrumentation, chronic cervical strain and nerve root injury syndrome and mild degenerative changes and localized condyle cyst of the right knee.  (Tr. 14, 19). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 17, 19).  Since the available work was found to constitute a significant number of jobs in the national economy, he could not be considered totally disabled.  (Tr. 19-20).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katharine Bradford included an exertional limitation to medium level work along with such non-exertional restrictions as (1) an inability to more than occasionally climb ramps or

stairs; (2) an inability to perform more than occasional reaching; and (3) a need to avoid exposure to hazardous machinery or heights.  (Tr. 45-46).  In response, the witness identified a significant number of jobs which could still be performed.  (Tr. 46).  The ALJ then added a limitation concerning a missing index finger.  (Id.). Bradford indicated that such an additional restriction would mainly affect sedentary level work.  (Tr. 46-47).  The ALJ then added a sit/stand option which the expert indicated would eliminate medium level work.  (Tr. 47).  However, a significant number of light and sedentary level jobs were identified by the witness taking into consideration all of the aforementioned physical limitations.  (Tr. 47-49).  Therefore, assuming that the vocational factors considered by Bradford fairly characterized Peace's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Dr. John Gilbert, a treating physician at the Spine and Brain Neurosurgical Center, noted diagnoses of cervicalgia, cervical strain/sprain syndrome, cervical herniated nucleus pulposus without myelopathy, cervical stenosis, muscle spasm, anxiety and depression.  (Tr. 257).  Dr. Gilbert performed an anterior cervical discectomy on February 17, 2005.  (Tr. 250-251).  On April 5, 2005, Dr. Gilbert released Peace to return to work with no restrictions.  (Tr. 257).  The ALJ's findings are certainly compatible with this opinion.  As a treating source, Dr. Gilbert's opinion was entitled to superior weight over those of other examining or reviewing sources. This opinion provides substantial evidence to support the administrative decision.

06-418  Peace

The Court notes that the ALJ indicated that he was adopting the assessments of the non-examining state agency medical consultants in assessing Peace's residual functional capacity.  (Tr. 18-19).  The Court notes that a discrepancy exists between the climbing restriction included in the ALJ's hypothetical question and that identified by the reviewers.  Both Dr. Calixto Hernandez (Tr. 283) and Dr. Parandhamulu Saranga (Tr. 292) indicated that the plaintiff would be limited to occasional climbing of ladders, ropes and scaffolds, while the ALJ found no restriction in this area but limited the hypothetical individual to only occasional climbing of ramps and stairs.  (Tr.  45-49).  The ALJ indicated in the text of his decision that the claimant would be limited to occasional climbing of ladders, ropes and scaffolds.  (Tr. 19).  However, any error would appear harmless since Dr. Gilbert, the treating source, clearly indicated that the plaintiff had no restrictions and he was entitled to more weight than the non-examining medical reviewers.

Peace argues that the ALJ erred in failing to include all of the limitations identified by Dr. Theodros Mengesha, an examining consultant.  Dr. Mengesha stated that the plaintiff would be "mildly to moderately" impaired in such areas as lifting, carrying, standing, walking, sitting, climbing, balancing, stooping, crouching, kneeling, crawling, pushing, pulling, and moving machinery.  (Tr. 279).  These limitations were presented by the physician in a somewhat vague manner.  They are

9

06-418  Peace

outweighed and offset by the opinion of Dr. Gilbert, a treating source who found no limitations.  Therefore, these restrictions were not binding on the ALJ.

Finally, Peace asserts the ALJ erred in failing to include a limitation regarding overhead reaching, noting that such was identified by Dr. Hernandez.  (Tr. 284). However, the ALJ did include limitations regarding overhead reaching in his hypothetical question.  (Tr. 46).  Furthermore, Dr. Gilbert's opinion indicated that such a restriction was not required.  Therefore, the Court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of November, 2007.



**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

10